UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RICHARD LEE RANDOLPH** | * | **DOCKET NO. 05-1692** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter was referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED with instructions to award benefits.**

## Background & Procedural History

On January 6, 2004, Richard L. Randolph filed the instant claims for Disability Insurance Benefits and Supplemental Security Income payments under the Social Security Act. (Tr. 52-54, 136-138). He alleged disability since January 1, 2003, due to a lower spinal cord injury. (Tr. 52, 57 ). The claims were denied at the initial stage of the administrative process. (Tr. 31, 42-45, 139). Thereafter, Randolph requested and received a March 16, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 140-171). However, in a May 27, 2005, written decision, the ALJ determined that Randolph was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 10-19). Randolph appealed the adverse decision to the Appeals Council. On July 29, 2005, the Appeals Council denied

Randolph's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On September 23, 2005, Randolph sought review before this court. He alleges the following error(s):

(1) the ALJ's residual functional capacity assessment is not supported by substantial evidence.

### **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Randolph suffered from severe impairments of hypertension and history of lower back pain secondary to degenerative disc disease, status post laminectomy at L4-5. (Tr. 16, 18). However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 16, 19).

The ALJ next determined that Randolph retained the residual functional capacity to perform the exertional demands of sedentary work, reduced by the need for a hand-held assistive device (cane) for ambulation and the inability to work at unprotected heights or to climb ladders.

(Tr. 17, 19).[1]

      Plaintiff contends that the ALJ's finding that Randolph could sit for six hours in an eight hour day is not supported by substantial evidence. Indeed, the only physician of record to assess Randolph's residual exertional capacity was orthopedic surgeon, Robert Holladay, M.D. (Tr. 94-96). A review of the record shows that Holladay opined that Randolph could only sit, stand, or walk for *four* hours in an eight hour day. *Id.* Dr. Holladay's opinion is consistent with Randolph's testimony that, alternating his position, he could sit for about three to four hours in an eight hour day. (Tr. 151). Moreover, there is no medical evidence or testimony to support the ALJ's finding that plaintiff could sit for six hours in an eight hour day.[2] Accordingly, the ALJ's residual functional capacity assessment is not supported by substantial evidence.

      Rather than reversal and remand for further proceedings, plaintiff seeks a judgment awarding benefits. A social security disability case may be remanded with instructions to make an award only if the record enables the court to determine definitively that the claimant is entitled to benefits. 42 U.S.C. §405(g); *McQueen v. Apfel*, 168 F.3d 152, 157 (5th Cir. 2000) (dissenting

---

[1] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

[2] The Commissioner argues in his brief that the state agency reviewing "physician," "Dr." Hight opined that plaintiff could sit for six hours in an eight hour day. However, Barry Hight crossed out "Medical Consultant's Signature" on the form and appears to be solely a disability examiner. (Tr. 40, 31). Even if Hight were a physician, an ALJ may not rely on a non-examining physician's assessment when, as here, those findings contradict the findings of the examining physician. *See, Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoted source omitted).

opinion)(citations omitted). This case presents such a situation.

At Step Five of the sequential evaluation process, the ALJ relied on the testimony of a vocational expert to determine that plaintiff retained the residual functional capacity to make an adjustment to other work that exists in substantial numbers in the national economy. However, in response to a hypothetical that assumed all of the limitations recognized by the ALJ, and after adding a sit/stand option, the vocational expert opined that there were no jobs that Randolph could perform. (Tr. 169). Thus, given the uncontroverted evidence that Randolph cannot separately sit or stand for the requisite number of hours to perform work at any exertional level, and even if he could alternate sitting and standing throughout the workday, there are no jobs in the national economy that he could perform.[3] Accordingly,

The **Commissioner's decision is REVERSED with instructions to award benefits.**

THUS DONE AND SIGNED at Monroe, Louisiana, on February 26, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] Randolph also does not retain the lifting or walking requirements of higher exertional levels. (Tr. 96).