UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**RICHARD LEE RANDOLPH**          *     **DOCKET NO. 05-1692**

**VERSUS**                        *

**MICHAEL J. ASTRUE,**            *     **MAGISTRATE JUDGE HAYES**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 21].[1]  The Commissioner does not oppose the motion.[2]  The matter is now before the court.[3]

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter was referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment.

[2] Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

[3] The instant motion is arguably untimely. *See*, *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2).  However, in another recent, similarly postured case, plaintiff's counsel explained why he waited to file his motion for § 406(b) fees.  *See, Mason v. Astrue*, Civil Action Number 05-2134, doc. # 24 (W.D. La. 6/19/07).  As in *Mason*, the court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2).  *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)).

>of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In their § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances. *Gisbrecht, supra*. For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered." *Id*.

On February 26, 2007, this court reversed and remanded the Commissioner's denial of benefits, with instructions to grant plaintiff's application and to calculate the disability benefits due him. (*See*, February 26, 2007, Judgment). Upon remand, the Commissioner awarded plaintiff past benefits totaling approximately $ 44,586.00. (*See*, John Ratcliff Affidavit, Attach.).[4] Plaintiff's counsel seeks to recover $ 10,381.50 – the amount withheld from plaintiff's past due benefits by the Commissioner to satisfy any court approved attorney fee in this matter. Assuming that the court correctly figured plaintiff's past due benefit award, counsel seeks to recover approximately 23 percent of this amount as a reasonable fee for representation before this court.

Our analysis begins with the fee agreement. *Gisbrecht, supra*. Counsel submitted a September 22, 2005, Social Security Disability Benefit Retainer Agreement (AC-DCt) ("Contract") that was signed by plaintiff and his counsel. (John Ratcliff Affidavit; Attach.). The Contract provides that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims. *Id*. Thus, counsel arguably seeks slight less than the

---

[4] The court reached this figure by multiplying and adding plaintiff's various past monthly benefits as set forth in the Commissioner's Notice of Award. *Id*.

2

percentage he is otherwise entitled to receive under the contract.

Under *Gisbrecht*, the court must also determine whether the fee specified in the agreement is reasonable. *Gisbrecht, supra*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht, supra*.

In the case *sub judice*, plaintiff's counsel obtained exceptional results, a completely favorable outcome, with no indication of undue delay on his part.[5] However, the sole issue presented in this case was whether the Administrative Law Judge's residual functional capacity assessment was supported by substantial evidence. (*See*, Appellant's Brief). The issue was neither novel nor complex, and it took plaintiff's counsel only two and one-half hours to prepare and file his memorandum. (*See*, Ratcliff Affidavit attach. to doc. # 22). In fact, plaintiff's counsel averred that he spent a total of only 7.80 hours prosecuting this matter in federal court. *Id*. Accordingly, if plaintiff's counsel were to receive his requested amount as allowed under the Contract ($ 10,381.50) then he will have been compensated at an hourly rate of $ 1,331.96.

The court recognizes that counsel accepted this matter on a contingent basis, and thus should be compensated above his normal hourly rate. However, counsel was not retained by his client until after the underlying administrative proceedings were complete, and thus his exposure remained limited. The court also notes that counsel is highly skilled and well-versed in social security matters. Moreover, the court is reluctant to be perceived as penalizing counsel for his efficiency or for successfully resisting the temptation to advance meritless arguments.

---

[5] Counsel promptly effected service, and requested a mere three week extension to file his brief in this matter. (*See*, doc. #s 5 & 10).

Nonetheless, the court is constrained to find that counsel has not met his burden of establishing the reasonableness of the requested fees.

Unfortunately, there is little authoritative case law to assist the district courts with their obligation to discern a reasonable fee. Last year, however, a district court in California comprehensively analyzed 43 reported decisions applying *Gisbrecht* to § 406(b) fee requests. *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006). It found that of those 43 cases, 23 awarded a full 25 percent of past due benefits; eight awarded the full amount requested (though counsel sought less than 25 percent of past due benefits); and 12 reduced the amount requested. *Id*. The courts that reduced the requested fees employed various rationales and formulas, resulting in fee awards that translated into hourly rates between 1.01 and 6.55 times counsel's normal hourly rate. *Id*. The median rate used by these courts equaled two and one-half times counsel's normal rate.[6]

In this matter, plaintiff's counsel averred that he no longer billed by the hour, but that he formerly charged $180.00 per hour.[7] With counsel's customary rate in mind, after applying the foregoing considerations to the particular circumstances of this case, the skill and reputation of plaintiff's counsel, the presence of a contingency fee agreement, the lack of opposition, and the excellent briefing and results obtained, the court finds that a rate of five times counsel's ordinary billing rate will result in a maximum reasonable fee of $7,020.00.[8] Accordingly, a separate order

---

[6] The *Ellick* court also adopted a rate of two and one-half times counsel's normal rate. *Ellick, supra*.

[7] *See*, EAJA application, Ratcliff Affidavit attach. to doc. # 22.

[8] $ 180/hr. x 5  x 7.8 hrs.

shall issue granting in part plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 21], and awarding fees in the amount of $ 7,020.00, subject to counsel's obligation to refund to his client contemporaneously awarded EAJA fees in the amount of $975.00. *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) (and cases cited therein) (counsel must return the smaller of two fee awards).

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE